IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES R. MELTON, as surviving )
spouse of Wendy Riner Melton, )
deceased, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV416-275
 )
GREAT WEST CASUALTY COMPANY; )
GEORGIA FREIGHTWAYS )
CORPORATION; CMA-CGM )
(AMERICA), LLC; SOUTH )
ATLANTIC CONSOLIDATED CHASSIS )
POOL LLC; CONSOLIDATED )
CHASSIS MANAGEMENT LLC; )
INTERPOOL, INC., d/b/a Trac )
Intermodal; DIRECT )
CHASSISLINK, INC.; and DAVID )
J. GIBBONS; )
 )
    Defendants. )
 )

## O R D E R

This case is 1 of 6 based on a horrible vehicle accident that occurred along Interstate-16 at the interchange with Interstate-95 caused by a tractor trailer colliding with stopped traffic.[1] (Doc. 6 at 2.) The tractor

---

[1] As a member of this Court's bar, counsel for Plaintiff should be aware of this district's local rules. However, even an absence of familiarity should not excuse a practicing attorney's failure to include simple pagination in his pleadings. See S.D. Ga. L.R. 10.1 ("All pleadings, notices, orders, and other papers in all cases shall, when offered for filing, . . . be double-spaced, be numbered on each page, and contain an appropriate appearance as provided in LR 83.6. Page numbering shall begin on the

trailer was being driven by Defendant Gibbons, whom was employed by Defendant Georgia Freightways Corporation. (Doc. 1, Attach. 1 at 24.) Defendant Great West Casualty Company provided insurance coverage for Defendant Georgia Freightways. (Id. at 23.) The remaining defendants all had some connection to the shipping container. (Id. at 27-30.)

Counsel for Plaintiff elected to file six separate complaints in the State Court of Chatham County, one for each victim, based on the single set of events surrounding the accident. (Doc. 6 at 2-3.) Defendants subsequently invoked this Court's federal question jurisdiction and removed those cases, contending that resolution of the plaintiffs' claims would require the interpretation of federal statutes and regulations. (Doc. 1; CV416-274, Doc. 1; CV416-276, Doc. 1; CV416-278, Doc. 1; CV416-280, Doc. 1; CV416-281, Doc. 1.) Following standard procedures, the Clerk of Court assigned five of those cases to this Court (Doc. 1; CV416-274; CV416-278; CV416-280; CV416-281) and one to the Honorable Lisa Godbey Wood (CV416-276).

---

first page of a submission, including any title page, cover sheet, table of cases, or other page prefatory to the main body of the filing.").

2

The plaintiffs filed timely Motions to Remand and for Attorney Fees in each case.[2] (Doc. 6; CV416-274, Doc. 5; CV416-276, Doc. 5; CV416-278, Doc. 6; CV416-280, Doc. 7; CV416-281, Doc. 5.) Defendants filed responses in opposition to remand (Doc. 10; CV416-274, Doc. 9; CV416-275, Doc. 10; CV416-276, Doc. 9; CV416-278, Doc. 10; CV416-280, Doc. 8; CV416-281, Doc. 9), and numerous sur-replies and sur-sur replies followed in most of these cases. Before this Court could wade through the numerous filings with respect to remand, Judge Wood remanded the case assigned to her, but denied the plaintiffs' request for attorney fees. (CV416-276, Doc. 28.) In her order, Judge Wood concluded that the plaintiffs' claims neither arose under nor involved the interpretation of federal law. (Id. at 4-10.)

It is at this point when the cases pending before this Court began to take a rather strange turn. On January 27, 2017, Plaintiff filed a Supplemental Memorandum in Support of Motion to Remand. (Doc. 29.) In that filing, Plaintiff argues that Judge Wood's order remanding the related case is now controlling in all cases pending before this Court. (Id. at 2.) Plaintiff bases this argument on the notion that collateral estoppel applies to preclude any different

---

[2] Oddly, the plaintiffs did not seek an award of attorney fees in CV416-280.

3

outcome in the related cases. (Id. at 2.) Therefore, Plaintiff "respectfully urges that the Court enter an order consistent with Judge Wood's order." (Id. at 2.) The Court is unsure as to why, but Defendants did not file any response to Plaintiff's argument.

This Court was surprised by Plaintiff's position that Judge Wood's ruling would be binding in this and the remaining related cases. No independent jurist assessing a case before him appreciates being told that another judge has conclusively resolved a dispositive legal issue by issuing a ruling in a contemporaneously filed case. Feelings aside, this Court harbors serious doubts whether it is bound by Judge Wood's decision.

Most importantly, Judge Wood's case was not prior litigation, but a contemporaneously filed case. In other words, the cases pending before this Court are not subsequent cases. The Eleventh Circuit Court of Appeals recognizes that

> [b]oth issue preclusion and claim preclusion operate across a two-lawsuit continuum. First, parties litigate a dispute to a final judgment on the merits. Second, in a later, separate suit between the parties, one party brings to court evidence of an earlier judgment and contends that issue or claim preclusion should apply to prevent her opponent from litigating a previously decided issue or cause of action.

4

Graham v. R.J. Reynolds Tobacco Co., 857 F.3d 1169, ___ (11th Cir. 2017). Therefore, the Court has serious reservations concerning the applicability of collateral estoppel because no prior decision existed at the time Plaintiff filed this case.

In any event, the Court is uncomfortable applying collateral estoppel in this case without first hearing from Defendants. Accordingly, Defendants are **DIRECTED** to file a response to Plaintiff's arguments concerning collateral estoppel within **twenty days** from the date of this order. The Defendants may file their response either collectively or individually.

Of course, the need for further briefing would be obviated should Defendants concede that remand would be appropriate in this case. Despite being skeptical that it is bound by Judge Wood's ruling, the Court recognizes that she is a jurist of the highest degree possessed of sound legal reasoning with whom the Eleventh Circuit rarely disagrees. The Court is not deciding this issue, but must point out that continued dickering over remand might only result in Defendants increasing their exposure to an award of attorney fees.

One final note: the Court must point out to counsel for Plaintiff that this situation is a mess of his own

making. If these cases are so similar as to warrant collateral estoppel, the Court can discern little reason why counsel elected to split it into six different cases. Moreover, once these cases were removed and split between two different judges, counsel could have avoided receiving decisions on differing schedules by either seeking consolidation or the transfer of all cases to one judge. Plaintiff failed to take steps to ensure his desired result and must now live with that decision.[3]

SO ORDERED this 22ND day of June 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Counsel's badgering of this Court's deputy courtroom clerk did little to help his cause. Routine phone calls to advance your legal arguments and request an immediate ruling fail to operate as a horsewhip on this Court's decision-making.

6